UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

EDWARD WATSON, an individual,
individually and on behalf of
all others similarly situated
and the general public,

            Plaintiff,

     v.

TENNANT COMPANY, a Minnesota
Corporation, and DOES 1 through
50, inclusive,

            Defendants.

No. 2:18-cv-02462 WBS DB


MEMORANDUM AND ORDER RE:
MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT AND PROVISIONAL
CERTIFICATION OF CLASS

----oo0oo----

          Plaintiff Edward Watson filed this action against

defendants Tennant Company ("Tennant" or "defendant"), and Does 1

through 50, alleging various claims related to defendants'

failure to properly pay and reimburse service technician staff.

Plaintiff and defendant Tennant reached a settlement in September

2019.  (Decl. of Alireza Alivandivafa ¶ 7 (Docket No. 25-1).)

Before the court is plaintiff's unopposed motion for preliminary

approval of the class action settlement and provisional certification of the class. (Docket No. 25.)

I. <u>Summary of the Proposed Settlement</u>

Under the proposed settlement, defendant will pay a gross amount of $1,100,000, with the entirely of the net settlement amount, after fees and costs, to be paid to the class, without reversion. (Mot. Prelim. Approval of Settlement, Ex. A, "Settlement Agreement," ¶ 24 (Docket No. 25).) This represents a recovery of approximately 50 percent of the claimed overtime lost, if calculated for the entire class period. (Alivadivafa Decl. ¶ 9(A).) Plaintiff's counsel seek attorneys' fees in the amount of $366,666.66, one-third of the gross settlement. (Settlement Agreement at ¶ 26.) The settlement administration costs shall not exceed $20,000. (<u>Id.</u> at ¶ 9(C); Settlement Agreement at ¶30.) Plaintiff seeks a service award of $25,000. (<u>Id.</u> at ¶ 9(D).) The net settlement amount will be, at least, $658,333.33, after all attorneys' fees, costs, and the service award. (<u>Id.</u> at ¶ 9(E).) The average award would be $8,777.77 per class member, although each recovery will depend on the number of qualifying workweeks worked by each class member, determined as those workweeks which each putative class member actively worked as a service technician in California. (<u>Id.</u>; Settlement Agreement at ¶ 12, 30.)

The release covers all claims in the complaint as currently constituted. (Alivandivafa Decl. ¶ 8.) The Notice of Class Action Settlement and Workweek Dispute Form will be mailed to all class members via first class mail. Class members shall have 30 days to either opt out or to submit an objection to the

proposed settlement.  (Id. at ¶ 9.)  If 10 percent or more of the class members opt out, defendant can, at its option, withdraw from the settlement.  (Settlement Agreement at ¶30(j).) Settlement checks will be valid and negotiable for 180 days, after which time any unclaimed checks will be paid to the State of California Controller's Office of Unclaimed Property.  (Id. at ¶ 30(i).)

II. Discussion

       Where the parties reach a settlement agreement prior to class certification, the court must first assess whether a class exists.  Staton v. Boeing Co., 327 F.3d 938, 952 (9th Cir. 2003). "Such attention is of vital importance, for a court asked to certify a settlement class will lack the opportunity, present when a case is litigated, to adjust the class, informed by the proceedings as they unfold."  Id. (quoting Amchem Prods. Inc. v. Windsor, 521 U.S. 591, 620 (1997)).  "Second, the district court must carefully consider 'whether a proposed settlement is fundamentally fair, adequate, and reasonable,' recognizing that '[i]t is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness....'"  Id. (quoting Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998)).

    A.    Class Certification

       The proposed class is defined as all persons who are or were employed by defendant as non-exempt Service Technicians (including those who performed the same duties as Service Technicians but with a different job title) in the State of California at any time during the Class Period, and who were not

3

covered by a valid collective bargaining agreement.
(Alivandivafa Decl. ¶ 8.)  To be certified, the putative class
must satisfy both the requirements of Federal rule of Civil
Procedure 23(a) and (b).  Leyva v. Medline Indus. Inc., 716 F.3d
510, 512 (9th Cir. 2013).

### 1. Rule 23(a) Requirements

Rule 23(a) establishes four prerequisites for class
action litigation: (1) numerosity, (2) commonality, (3)
typicality, and (4) adequacy of representation.  Fed. R. Civ. P.
23(a).  The court examines each of these requirements in turn.

#### a. Numerosity

A proposed class must be "so numerous that joinder of
all members is impracticable."  Fed. R. Civ. P. 23(a).  The
numerosity requirement "requires examination of the specific
facts of each case and imposes no absolute limitations."  Gen.
Tel. Co. of the Nw., Inc. v. EEOC, 446 U.S. 318, 330 (1980)).
"Courts have routinely found the numerosity requirement satisfied
when the class comprises 40 or more members."  Vasquez v. Coast
Valley Roofing, Inc., 670 F. Supp. 2d 1114, 1121 (E.D. Cal. 2009)
(citing Ansari v. New York Univ., 179 F.R.D. 112, 114 (S.D.N.Y.
1998)).  Here, the parties satisfy the numerosity requirement
because the settlement class is comprised of approximately 75
members.  (Alivandivafa Decl. ¶ 3.; see Vasquez, 670 F. Supp. at
1121.)

Under this Rule 23(a) requirement, "[p]laintiffs also
must establish impracticability of joinder."  Vasquez, 670 F.
Supp. 2d at 1121.  "A court should consider 'not only the class
size but other factors as well, including the geographic

4

diversity of class members, the ability of individual members to institute separate suits, and the nature of the underlying action and the relief sought.'" Id. (citing Nat'l Ass'n of Radiation Survivors v. Walters, 111 F.R.D. 595, 599 (N.D. Cal. 1986)). "The limited size of any individual plaintiff's recovery is also relevant." Id. (citing Edmondson v. Simon, 86 F.R.D. 375, 379 (N.D. Ill. 1980)). Here, individual members of the class may be unwilling or unable to bring separate suits "where the potential recovery by any individual plaintiff is relatively small." See id. Further, filing of individual suits by 75 separate plaintiffs could potentially clog the court's docket and "create unnecessary burden on judicial resources." Vasquez, 670 F. Supp. 2d at 1121. Accordingly, joinder here would be impracticable.

### b. Commonality

Rule 23(a) demands that "questions of law or fact [be] common to the class." "It does not require that all questions of law or fact be common to every single member of the class." Vasquez, 670 F. Supp. 2d at 1121. Commonality is generally satisfied where "the lawsuit challenges a system-wide practice or policy that affects all of the putative class members." Armstrong v. Davis, 275 F.3d 849, 868 (9th Cir. 2001). "Differences in the ways in which these practices affect individual members of the class do not undermine the finding of commonality." Vasquez, 670 F. Supp. 2d at 1121-1122 (citing Armstrong, 275 F.3d at 868). Here, the parties agree the predominant question for the settlement class is whether the defendant was obligated to pay minimum and/or overtime wages when service technicians worked from home, drove company vehicles to

5

and from work, traveled to calls from their homes after starting

work at home, and traveled back home from their last calls.

(Mot. at 15.)  These common questions suffice to satisfy the

commonality requirement.

### c. Typicality

Under Rule 23(a), "the claims or defenses of the

representative parties [must be] typical of the claims or

defenses of the class."  <u>Vasquez</u>, 670 F. Supp. 2d at 1122 (citing

<u>Armstrong</u>, 275 F.3d at 868).  The typicality requirement is

satisfied where "each class member's claim arises from the same

course of events, and each class member makes similar legal

arguments to prove the defendant's liability."  <u>Id.</u> (quoting

<u>Armstrong</u>, 275 F.3d at 868.)  "Under the rule's 'permissive

standards,' representative claims are typical if they are

'reasonably co-extensive with those of absent class members; they

need to be substantially identical.'"  <u>Id.</u> (citing Hanlon,150

F.3d at 1020.  Here, the conduct that gives rise to the class

representative's injuries -- namely defendant's travel time pay

practices -- is the same conduct that gives rise to the injuries

of other class members.  Accordingly, the typicality requirement

is satisfied.

### d. Adequacy of Representation

The final Rule 23(a) prerequisite is satisfied if "the

representative parties will fairly and adequately protect the

interests of the class."  Fed. R. Civ. P. 23(a)(4).  In resolving

this issue, the court must address the following questions: "(a)

do the named plaintiffs and their counsel have any conflicts of

interest with other class members and (b) will the named

plaintiffs and their counsel prosecute the action vigorously on behalf of the class?"  In re Mego Fin. Corp. Sec. Litig., 213 F.3d 454, 462 (9th Cir. 2000).

The court finds that the adequacy requirement is satisfied here.  First, no conflict of interest exists here.  The named plaintiff has an interest in proving liability against defendant for each of the claims alleged in the complaint, and this interest is identical to the interest of each absent class member.  Cf. Vasquez, 670 F. Supp. 2d at 1122 (finding no conflict where all members had an interest in "obtaining payment for wages unlawfully withheld").  Second, class counsel is competent and has experience representing classes of employees in wage and hour litigation.  (Alivandivafa Decl. ¶ 21, 24.; see also id.)

### 2. Rule 23(b) Requirement

Having satisfied the prerequisites set forth in Rule 23(a), plaintiffs must also satisfy one of the three provisions of Rule 23(b).  The Rule 23(b)(3) provision is satisfied if "the questions of law or fact common to class members predominate over any questions affecting only individual members."  See Fed. R. Civ. P. 23(b)(3).  The predominant question in this litigation is whether defendant was obligated to pay minimum and/or overtime wages when technicians traveled to and from work.  Accordingly, the class satisfies the Rule 23(b)(3) provision and the Rule 23(b) requirement.  The court thus finds that a class exists and will therefore certify the class.

### 3. Rule 23(c)(2) Notice Requirements

If the court certifies a class under Rule 23(b)(3), it

"must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Actual notice is not required, but the notice provided must be "reasonably certain to inform the absent members of the plaintiff class." Silber v. Mabon, 18 F.3d 1449, 1454 (9th Cir. 1994) (citation omitted).

The parties have jointly selected Analytics Consulting to serve as the Settlement Administrator. (Settlement Agreement ¶ 30.) The defendants will provide Analytics Consulting with the information necessary to contact members of the class within 14 business days of the order granting preliminary approval. (Settlement Agreement ¶ 30(a).) All class members will be notified of the suit by first class mail within twenty calendar days following the court's order of preliminary approval. (Settlement Agreement ¶ 30(b).) The notice summarizes the lawsuit, including the definition of the settlement class; a description of the substantive issues and proceedings to date; a neutral description of the proposed settlement; the amount of attorneys' fees and costs sought; information regarding the right to opt out of the settlement; information regarding the right to challenge one's number of work weeks; information regarding the right to file an objection regarding the settlement; the consequences of remaining a member of the settlement class, including the fact that one will be bound by the judgment; the date, time, and place of the final approval hearing; the identity of plaintiff, plaintiff's counsel, and defendant's counsel; and contact information for plaintiff's counsel, defendant's counsel,

and the settlement administrator.  (Settlement Agreement ¶ 30(b);

(Mot. Preliminary Approval of Settlement, Ex. B, "Proposed Notice

of Settlement" (Docket No. 25).)

        The court finds that the process set forth in the

Settlement Agreement is reasonably calculated to provide notice

to class members and inform class members of their options under

the agreement.  Accordingly, the manner of notice and the content

of notice satisfies Rule 23(c)(2)(B).  Cf. Churchill Vill., LLC

v. Gen. Elec., 361 F.3d 566, 575 (9th Cir. 2004) ("Notice is

satisfactory if it 'generally describes the terms of the

settlement in sufficient detail to alert those with adverse

viewpoints to investigate and to come forward and be heard.'").

        B.   Preliminary Approval of Settlement

        "The court must approve any settlement . . . of the

claims . . . of a certified class."  Fed. R. Civ. P. 23(e)(1)(A).

"The primary concern of [Rule 23(e)] is the protection of th[e]

class members, including the named plaintiffs, whose rights may

not have been given due regard by the negotiating parties."

Officers for Justice v. Civil Service Comm'n of the City & Cty.

of San Francisco, 688 F.2d 615, 624 (9th Cir. 1982).

Accordingly, a district court must determine whether a proposed

class action settlement is "fundamentally fair, adequate, and

reasonable."  Staton, 327 F.3d at 959.  In determining whether a

settlement agreement is fair, adequate, and reasonable, a

district court may consider some or all of the following factors:

"(1) the strength of the Plaintiff's case (2) the risk, expense,

complexity, and likely duration of further litigation; (3) the

risk of maintaining class action status throughout the trial; (4)

the amount offered in settlement; (5) the extent of discovery completed; (6) the stage of the proceedings; (7) the views and experience of counsel; (8) any opposition by class members; (9) the presence of a governmental participant." Linney v. Cellular Alaska P'ship, 151 F.3d 1234, 1242 (9th Cir. 1998). "This list of factors is not exclusive, and the court may balance and weigh different factors depending on the circumstances of each case." Vasquez, 670 F. Supp. 2d at 1124 (citing Torrisi v. Tucson Elec. Power Co., 8 F.3d 1370, 1376 (9th Cir. 1993)). In addition, where the payment of attorney's fees is also part of the negotiated settlement, the fee must be evaluated for fairness in the context of the overall settlement. Knisley v. Network Assocs., 312 F.3d 1123, 1126 (9th Cir. 2002).

Approval of a class action settlement requires a preliminary approval followed by a final approval. West v. Circle K Stores, Inc., No. CIV. S-04-0438, 2006 WL 1652598, *2 (E.D. Cal. June 13, 2006) ("[A]pproval of a class action settlement takes place in two stages."). At the preliminary approval stage, the court "evaluate[s] the terms of the settlement to determine whether they are within a range of possible judicial approval." Wright v. Linkus Enters., Inc., 259 F.R.D. 468, 472 (E.D. Cal.2009). At this stage, the court may grant preliminary approval of a settlement and direct notice to the class if the settlement: "(1) appears to be the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiencies; (3) does not improperly grant preferential treatment to class representatives or segments of the class; and (4) falls within the range of possible approval." Alvarado v.

1  <u>Nederend</u>, No. 1:08-cv-01099, 2011 WL 90228, *5 (E.D. Cal. Jan.
2  11, 2011).

3           1.  <u>Fairness, Adequacy and Reasonability of Settlement</u>
4           For the following reasons, the court finds that the
5  settlement is fair, adequate, and reasonable.  Here, the
6  settlement reflects the strength of the claims and defenses
7  asserted.  Class counsel believes that plaintiffs have viable
8  claims that defendant implemented and engaged in unlawful wage
9  and hour policies and practices.  (Alivandivafa Decl. at ¶ 9.)
10 Class counsel also believes that the claims asserted in this case
11 are of a type typically subject to class certification, raising
12 common questions as to the legality of defendant's wage and hour
13 policies and practices.  (<u>Id.</u>)  In defendant's view, however,
14 there is no guarantee that class certification would be granted.
15 Defendant further contends that its employment policies and
16 practices did not violate applicable wage and hour laws or the
17 California Labor Code, arguing that its practices were optional
18 and not required, and employees did not miss breaks or earn
19 compensation for which they were not paid.  (<u>Id.</u>)  Defendant also
20 maintains that the amount of damages and penalties available is
21 far less than plaintiffs claim, such that a more favorable
22 outcome at trial is not guaranteed.  (<u>Id.</u>)  This settlement
23 therefore reflects the claims and defenses asserted by the
24 parties.

25          Further, the amount offered in settlement is generous
26 compared to similar cases.  The net recovery per class member
27 will equate to, at least, $8,777.77.  (<u>See</u> Alivandivafa Decl. at
28 ¶ 9.)  The average recovery here exceeds that in other cases of

this nature.  See, e.g., Vasquez, 670 F. Supp. 2d at 1125
(average recovery of $1,000.00); Barbosa v. Cargill Meat
Solutions Corp., 297 F.R.D. 431, 440 (E.D. Cal. 2013) (average
recovery of $601.91).

Moreover, the discovery and investigation were
extensive.  Specifically, defendant produced thousands of pages
of documents, in addition to voluminous electronic data,
including the time and payroll records for all putative class
members. (See Alivandivafa Decl. ¶¶ 14, 15.)  Defendant also
provided important information about the class and the claims.
(Id.)  Based on this and other information obtained directly from
defendant's service technicians, class counsel completed an
extensive and detailed analysis of the plaintiff's claims and the
defendant's potential liabilities.  (Id.)  In addition,
plaintiff's counsel performed a substantial amount of other work
in preparation for mediation.  (Id. at ¶ 15.)  Counsel conducted
extensive research, interviews, and engaged in law and motion,
prior to obtaining the settlement at issue for plaintiffs.  (See
Alivandivafa Decl. ¶ 6, 7, 14, 15).

Indeed, counsel in this matter is experienced in these
kinds of cases.  Ms. Alivandivafa has been lead counsel or co-
counsel in at least 15 wage-and-hour class actions in California
state and federal courts and has been found to be qualified class
counsel in all such cases.  (Id. at ¶ 20.)  The court thus finds
that these factors weigh in favor of a finding of a fair,
adequate, and reasonable settlement.

2.  Attorney's Fees

Pursuant to Federal Rule of Civil Procedure 23(h), the

Court may award reasonable attorneys' fees "authorized by law or by agreement of the parties." A district court must "carefully assess the reasonableness of a fee amount spelled out in a class action settlement agreement." Staton, 327 F.3d at 963. In diversity actions such as this one, the Ninth Circuit applies state law to evaluating fees and the method for calculating them. See Mangold v. Cal. Public Util. Comm'n, 67 F.3d 1470, 1478 (9th Cir. 1995).

In general, courts use the percentage method to calculate attorney's fees in cases where a common fund is created. Spann v. J.C. Penney Corp., 211 F. Supp. 3d 1244, 1262 (C.D. Cal. 2016) (citing Laffitte v. Robert Half Int'l Inc., 1 Cal. 5th 480, 489 (2016) (approving 27 percent share in $50,000,000 settlement)). "Given that the percentage method is particularly appropriate in common fund cases where 'the benefit to the class is easily quantified,'" this court will use the percentage method to evaluate the requested attorneys' fees. Cooley v. Indian River Transp. Co., No. 1:18-CV-00491, 2019 WL 2077029, at *7 (E.D. Cal. May 10, 2019) (citing In re Bluetooth Headset Prod. Liab. Litig., 654 F.3d 935, 942 (9th Cir. 2011)). "In evaluating whether a percentage fee award is reasonable, the court may consider factors such as, inter alia, the results secured for the class, awards in similar cases, and the degree of risk assumed by counsel." Id. (citing Romero v. Producers Dairy Foods, Inc., No. 1:05-CV00484 DLB, 2007 WL 3492841, at *3 (E.D. Cal. Nov. 14, 2007)).

Plaintiff's counsel requests one-third of the common fund ($366,666.66) in attorneys' fees. The court preliminarily

13

finds the request to be reasonable.  First, plaintiff's counsel

secured a favorable settlement for the class: an average recovery

of $8777.77.  In addition to the monetary award, class counsel's

efforts resulted in defendant changing its pay and scheduling

practices to ensure that minimum and overtime wages be paid.

(Alivandivafa Decl. at ¶ 7; cf. Spann, 211 F. Supp. 3d at 1263

(considering "non-monetary relief in the form of changed pricing

policies, a compliance program, and training for defendant's

employees").)  Second, counsel litigated this matter on a

contingency basis and therefore "assumed a significant risk that

they would not be compensated for this work."  See Cooley, No.

1:18-CV-00491, 2019 WL 2077029, at *8.  Third, plaintiff's

counsel's request is in line with awards in similar cases.  In

cases where recovery is less than $10,000,000, as here,

California district courts tend to award between 30 and 40

percent in class actions.  See, e.g., Miller v. CEVA Logistics

USA, Inc., No. 2:13-CV-01321-TLN, 2015 WL 4730176, at *8 (E.D.

Cal. Aug. 10, 2015) (citing Vasquez v. Coast Valley Roofing,

Inc., 266 F.R.D. 482, 491-92 (E.D. Cal. 2010) (approving award of

33 percent); Singer v. Becton Dickinson & Co., No. 08-CV-821-IEG

(BLM), 2010 WL 2196104, at *9 (S.D. Cal. June 1, 2010) (same);

Romero v. Producers Dairy Foods, Inc., 2007 WL 3492841, at *1-4

(E.D. Cal. 2007) (same)).

        In light of the result plaintiffs' counsel obtained,

the risks counsel incurred, and the fees usually awarded in these

types of cases, the court finds that one third of the common fund

is a reasonable award.  Accordingly, the court will preliminarily

allow the award of attorneys' fees in the amount of $366,666.66

on the understanding that class counsel must demonstrate, on or before the date of the final fairness hearing, that the proposed award is reasonable in light of the circumstances of the case.

### 3. Preliminary Approval
#### a. The settlement is the product of non-collusive, good-faith negotiations.

Here, it appears that the proposed settlement is the result of extensive investigation, informal discovery, litigation and negotiations between the parties. The prospect of settlement of these cases was discussed over a period of many months and negotiations were, at all times, adversarial, non-collusive, in good faith, and at arm's length. (Alivandivafa Decl. at ¶¶ 3, 16.) Further, the parties used a mediator highly regarded by both sides in resolving employment cases. (Id. at ¶¶ 3, 7, 16.) Overall, the settlement agreement is the product of extensive and informed negotiations between counsel with substantial litigation experience. (Id. at ¶ 20.)

#### b. The proposed settlement has no obvious deficiencies.

The settlement provides for a payment of $1,100,000.00 by defendant, a substantial recovery given the relatively small size of the class (75 members). The average settlement share is approximately $8,777.77. All settlement shares to be paid under the settlement agreement are determined by the number of weeks each class member worked in a service technician job. Unclaimed funds are to be sent to the State of California Controller's Office of Unclaimed Property. (Agreement ¶ 30(i).)

The class representative payment of $25,000.00 and the attorneys' fees payment, as discussed above, are appropriate given the efforts and work by the attorneys. Further, the

expected settlement administrator's fees and costs of no more than $20,000 seem "consistent with wage-and-hour settlements of this type and size." See Vasquez, 670 F. Supp. 2d at 1125 (approving settlement administrator cost of no more than $20,000). All payments will nevertheless be subject to court approval at a later stage.

### c. The proposed settlement does not give preferential treatment to the class representative.

All class members, including the class representative, will be paid based on the number of "Qualifying Workweeks," which are the workweeks during which each putative class member actively worked as a service technician in California during the relevant time period. The settlement agreement therefore does not treat the class representative, or any other subsection of the class, differently from other class members.

### d. The settlement agreement falls within the range of possible approval.

The "range of possible approval" criterion focuses on "substantive fairness and adequacy." In re Tableware Antitrust Litig., 484 F. Supp. 2d at 1080. "Courts primarily consider plaintiffs' expected recovery balanced against the value of the settlement offer." Id. Here, the settlement adequately represents plaintiff's expected recovery. The gross settlement amount of $1,100,000 represents approximately 50 percent of the total alleged travel time violations. The settlement amount takes into account the significant risks plaintiffs would undertake if they proceeded with litigation. Specifically, defendant has vigorously contested, and would continue to contest, liability. (See Docket Nos. 6, 7; Mot. at 9.)

Moreover, even if plaintiff was to prevail, he would be required to expend considerable additional time and resources in further discovery, and to file a motion for class certification, potentially outweighing additional recovery obtained through successful litigation. (Mot. at 8.) Further, if plaintiff is successful, defendant's potential appeal could delay the outcome of this action for several years. (Id. at 9). Continued litigation will therefore delay payment to the class and does not guarantee a more favorable outcome for plaintiffs. Accordingly, given that the settlement confers a substantial benefit on the class members, and that proceeding with litigation imposes risks, the settlement adequately represents plaintiff's expected recovery, and is therefore within the range of possible approval.

IT IS THEREFORE ORDERED that plaintiff's motion for provisional certification of the class and for preliminary approval of class action settlement (Docket No. 25) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED THAT:

(1) the following class be conditionally certified for the purpose of settlement: "All persons (or their estate if deceased) who are or were actively working for defendant or any of defendant's subsidiaries as non-exempt Service Technicians (including those who performed the same duties as Service Technicians but with a different job title) in the State of California, and who were not covered by a collective bargaining agreement located in the State of California during the time period from August 7, 2014 through Preliminary Approval";

(2) the proposed settlement is preliminarily approved

as fair, just, reasonable, and adequate to the members of the settlement class, subject to further consideration at the final fairness hearing after distribution of notice to members of the settlement class;

(3) for purposes of carrying out the terms of the settlement only:

(a) Edward Watson is appointed as Class Representative and is provisionally found to be an adequate representative within the meaning of Federal Rule of Civil Procedure 23;

(b) Alireza Alivandivafa, Esq. and Azad M. Marvazy, Esq. are provisionally found to be a fair and adequate representatives of the settlement class and are appointed as class counsel for the purposes of representing the settlement class conditionally certified in this Order;

(4) Analytics Consulting, LLC, is appointed as the settlement administrator;

(5) the form and content of the proposed Class Notice and the method is approved;

(6) no later than fourteen (14) days from the date this order is signed, defendant's counsel shall provide the names and contact information of all settlement class members to Analytics Consulting;

(7) no later than twenty (20) days from the date defendant submits the contact information to Analytics Consulting, Analytics Consulting shall mail a Notice of Class Action Settlement to all members of the settlement class;

(8) no later than thirty (30) days from the date this order is signed, any member of the settlement class who intends

to object to, comment upon, or opt out of the settlement shall mail written notice of that intent to Analytics Consulting pursuant to the instructions in the Notice of Class Action Settlement;

(9) a final fairness hearing shall be held before this court on Monday, September 21, 2020, at 1:30 p.m. in Courtroom 5 to determine whether the proposed settlement is fair, reasonable, and adequate and should be approved by this court; to determine whether the settlement class's claims should be dismissed with prejudice and judgment entered upon final approval of the settlement; to determine whether final class certification is appropriate; and to consider class counsel's applications for attorney's fees, costs, and an incentive award to plaintiff. The court may continue the final fairness hearing without further notice to the members of the class;

(10) no later than twenty-one (21) days before the final fairness hearing, class counsel shall file with this court a petition for an award of attorney's fees and costs. Any objections or responses to the petition shall be filed no later than fourteen (14) days before the final fairness hearing;

(11) no later than twenty-one (21) days before the final fairness hearing, class counsel shall file and serve upon the court and defendant's counsel all papers in support of the settlement, the incentive award for the class representative, and any award for attorney's fees and costs;

(12) no later than twenty-one (21) days before the final fairness hearing, Analytics Consulting shall prepare, and class counsel shall file and serve upon the court and defendants'

counsel, a declaration setting forth the services rendered, proof of mailing, a list of all class members who have opted out of the settlement, a list of all class members who have commented upon or objected to the settlement;

(13) any person who has standing to object to the terms of the proposed settlement may appear at the final fairness hearing in person or by counsel and be heard to the extent allowed by the court in support of, or in opposition to, (a) the fairness, reasonableness, and adequacy of the proposed settlement, (b) the requested award of attorney's fees, reimbursement of costs, and incentive award to the class representative, and/or (c) the propriety of class certification. To be heard in opposition at the final fairness hearing, a person must, no later than ninety (90) days from the date this order is signed, (a) serve by hand or through the mails written notice of his or her intention to appear, stating the name and case number of this action and each objection and the basis therefore, together with copies of any papers and briefs, upon class counsel and counsel for defendants, and (b) file said appearance, objections, papers, and briefs with the court, together with proof of service of all such documents upon counsel for the parties.

Responses to any such objections shall be served by hand or through the mails on the objectors, or on the objector's counsel if there is any, and filed with the court no later than fourteen (14) calendar days before the final fairness hearing. Objectors may file optional replies no later than seven (7) calendar days before the final fairness hearing in the same

manner described above.  Any settlement class member who does not make his or her objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from objecting to the fairness or adequacy of the proposed settlement, the judgment entered, and the award of attorneys' fees, costs, and an incentive award to the class representative unless otherwise ordered by the court;

(14) pending final determination of whether the settlement should be ultimately approved, the court preliminarily enjoins all class members (unless and until the class member has submitted a timely and valid request for exclusion) from filing or prosecuting any claims, suits, or administrative proceedings regarding claims to be released by the settlement.

Dated:  March 19, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE