UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| EDWARD WATSON, individually and on behalf of all similarly situated and/or aggrieved employees of Defendants in the State of California,<br><br>Plaintiff,<br><br>v.<br><br>TENNANT COMPANY, a Minnesota Corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | No. 2:18-cv-02462 WBS DB<br><br>MEMORANDUM AND ORDER RE: UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND COSTS |

----oo0oo----

Plaintiff Edward Watson, individually and on behalf of all other similarly situated employees, brought this putative class action against defendant Tennant Company ("Tennant" or "defendant") alleging various claims related to defendant's failure to properly pay technicians for all hours worked, including minimum wage and overtime, and failure to permit

1

legally compliant meal and rest periods.  (See generally First Am. Compl. ("FAC") (Docket No. 16).)  Before the court is plaintiff's unopposed motion for final approval of the parties' class action settlement and attorneys' fees and costs. (Plaintiff's Mot. for Final Approval of Class Action Settlement and an Award of Attorney's Fees and Costs ("Mot. for Final Approval") (Docket No. 29).)

I.   Factual & Procedural Background

Plaintiff Edward Watson was employed by defendant as a service technician in California during the class period, including during part of 2016.  (FAC at ¶ 6.)  Defendant Tennant is a Minnesota corporation specializing in the sale and service of cleaning industry products.  (Id. at ¶ 7.)  Tennant employs individuals in the State of California who perform service and repair on cleaning equipment, commonly referred to as "Service Technicians."  (Id.)

This action was filed on August 7, 2018, and the operative complaint contains the following claims: (1) failure to pay overtime compensation; (2) failure to pay minimum wages; (3) failure to provide meal and rest periods; (4) failure to provide accurate itemized wage statements; (5) failure to pay wages when due upon termination or resignation[1];[2] and (7) unfair business practices.  (FAC at ¶¶ 24-49; 57-61.)

---

[1]  Plaintiff alleges that because of this failure, plaintiff is entitled to waiting time penalties under Cal. Lab. Code §§ 201-203.

[2]  On August 30, 2019, based on stipulation of the parties, the Court ordered the sixth cause of action for Conversion dismissed.

2

The parties engaged in a full day private mediation on September 17, 2019, before Jeffrey A. Ross, where the parties reached an agreement for settlement. (Id.)  Plaintiff moved for preliminary approval of the settlement and provisional certification of the class on February 13, 2020. (Id.)  On March 20, 2020, this court granted plaintiff's motion for provisional certification of the class and for preliminary approval of class action settlement. (Order Granting Preliminary Approval of Class Action Settlement and Provisional Certification of Class ("Order Granting Preliminary Approval") (Docket No. 28.)

## II. Discussion

The Ninth Circuit has declared a strong judicial policy favoring settlement of class actions. Class Plaintiffs v. City of Seattle, 955 F.2d 1268, 1276 (9th Cir. 1992); see also Rodriguez v. W. Publ'g Corp., 563 F.3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution[.]") (citation omitted). Rule 23(e) provides that "[t]he claims, issues, or defenses of a certified class may be settled . . . only with the court's approval."  Fed. R. Civ. P. 23(e).

"Approval under 23(e) involves a two-step process in which the Court first determines whether a proposed class action settlement deserves preliminary approval and then, after notice is given to class members, whether final approval is warranted." Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc., 221 F.R.D. 523, 525 (C.D. Cal. 2004) (citing Manual for Complex Litig. (Third), § 30.41 (1995)).  This court satisfied step one by granting plaintiff's unopposed motion for preliminary approval of class

3

action settlement on March 20, 2020.  (See generally Order Granting Preliminary Approval.)  Now, following notice to the class members, the court will consider whether final approval is merited by evaluating: (1) the treatment of this litigation as a class action and (2) the terms of the settlement.  See Diaz v. Tr. Territory of Pac. Islands, 876 F.2d 1401, 1408 (9th Cir. 1989).

### A. Class Certification

A class action will be certified only if it meets the requirements of Rule 23(a)'s four prerequisites and fits within one of Rule 23(b)'s three subdivisions.  Fed. R. Civ. P. 23(a)-(b).  Although a district court has discretion in determining whether the moving party has satisfied each Rule 23 requirement, the court must conduct a rigorous inquiry before certifying a class.  See Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 161 (1982).

#### 1. Rule 23(a)

> Rule 23(a) restricts class actions to cases where: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  These requirements are commonly referred to as numerosity, commonality, typicality, and adequacy of representation.  In the court's order granting preliminary approval of the settlement, the court found that the putative class satisfied the Rule 23(a) requirements.  (Order Granting

4

Preliminary Approval at 4-7.)  The court is unaware of any changes that would affect that conclusion, and the parties indicated that they were aware of no such developments.  (See generally Mot. for Final Approval.)  Because the court is not aware of any facts that would alter its initial Rule 23(a) analysis, the court finds that the class definition proposed by plaintiff meets the requirements of Rule 23(a), for the reasons stated in the court's order granting preliminary approval.

### 2. Rule 23(b)

An action that meets all the prerequisites of Rule 23(a) may be certified as a class action only if it also satisfies the requirements of one of the three subdivisions of Rule 23(b).  See Leyva v. Medline Indus. Inc., 716 F.3d 510, 512 (9th Cir. 2013).  In its order granting preliminary approval of the settlement, the court found that both the predominance and superiority prerequisites of Rule 23(b)(3) were satisfied. (Order Granting Preliminary Approval at 7.)  The court is unaware of any changes that would affect this conclusion.  Because the settlement class satisfies both Rule 23(a) and 23(b)(3), the court will grant final class certification of this action, for the reasons stated in the court's order granting preliminary approval.

### 3. Rule 23(c)(2) Notice Requirements

If the court certifies a class under Rule 23(b)(3), it "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).  Rule 23(c)(2) governs both the form and

5

content of a proposed notice.  See Ravens v. Iftikar, 174 F.R.D. 651, 658 (N.D. Cal. 1997) (citing Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 172-77 (1974)).  Although that notice must be "reasonably certain to inform the absent members of the plaintiff class," actual notice is not required.  Silber v. Mabon, 18 F.3d 1449, 1454 (9th Cir. 1994) (citation omitted).

The parties selected Analytics Consulting ("Analytics") to serve as the Settlement Administrator.  (Decl. of Alireza Alivandivafa in Supp. of Final Approval at ¶ 9(C) ("Alivandivafa Decl.") (Docket No. 29-1).)  Defendant timely provided Analytics with the class list, including the class members' names, social security numbers, last known addresses, and dates of employment.  (Decl. of Settlement Administrator at ¶ 3 ("Mitchell Decl.") (Docket No. 29-3).)

To ensure delivery of the notice packets, Analytics processed the class members' addresses through the United States Postal Service's National Change of Address Database.  (Id. at ¶ 4.)  Analytics used the class data to calculate each class member's qualifying workweeks during the relevant time period and each class member's estimated individual settlement payment.  (Id. at ¶ 5). Analytics sent its calculations to the parties for review.  (Id.)  One individual in the data list was determined to have an award of $0 due to not working during the relevant period and was excluded from the mailing list.  (Id. at ¶ 6.)  Notice packets were mailed to all class members by First Class Mail on April 22, 2020.  (Id. at ¶ 7.)  Initially, three packets were returned as undeliverable, but Analytics traced the records with undeliverable notices and re-mailed the notice to those three

6

class members at updated addresses. (Id. at ¶ 8.) Analytics has hosted a toll-free number since April 22, 2020 for class members to contact with questions. (Id. at ¶ 11.) No class member has asked to be excluded from the settlement or disputed their weeks worked during the class period. (Id. ¶¶ 9-10.) Four months have passed since the initial mailing and re-mailing and no class members have objected to this settlement or opted out. (See Mot. for Final Approval at 5.)

"Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" Churchill Vill., L.L.C. v. Gen. Elec., 361 F.3d 566, 575 (9th Cir. 2004) (quoting Mendoza v. Tucson Sch. Dist. No. 1, 623 F.2d 1338, 1352 (9th Cir. 1980)). The notice identifies the parties, explains the nature of the proceedings, defines the class, provides the terms of the settlement, and explains the procedure for objecting or opting out of the class. (See Unopposed Mot. for Preliminary Approval of Class Action Settlement and Provisional Certification of Class at Ex. B ("Mot. for Preliminary Approval") (Docket No. 25).) The notice also explains how class members' individual settlement awards will be calculated, and the amount that class members can expect to receive. (Id.) Accordingly, the notice complies with Rule 23(c)(2)(B)'s requirements.

    B.    <u>Rule 23(e): Fairness, Adequacy, and Reasonableness of Proposed Settlement</u>

Having determined that class treatment is warranted, the court must now address whether the terms of the parties'

settlement appear fair, adequate, and reasonable.  See Fed. R. Civ. P. 23(e)(2).  To determine the fairness, adequacy, and reasonableness of the agreement, the court must balance the following factors:

> (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant[3]; and (8) the reaction of the class members to the proposed settlement.

See Churchill Vill., 361 F.3d at 575.  However, "[t]he factors in a court's fairness assessment will naturally vary from case to case."  In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 946 (9th Cir. 2011).

1.   Strength of the Plaintiff's Case

One particularly important consideration is the strength of plaintiff's case on the merits compared to the settlement amount offered.  See DIRECTV, 221 F.R.D. at 526.  The court, however, is not required to resolve the underlying merits, "for it is the very uncertainty of outcome in litigation and avoidance of wastefulness and expensive litigation that induce consensual settlements."  Officers for Justice v. Civ. Serv. Comm'n of City & Cty. of San Francisco, 688 F.2d 615, 625 (9th Cir. 1982).

Although plaintiff maintains his claims are meritorious and he would have prevailed at trial, he acknowledges defendant's

---

[3] No governmental entity participated in this matter. Accordingly, this factor is irrelevant to the court's analysis.

8

contention that its employment policies and practices did not violate applicable laws and that the amount of damages and penalties available would be far less than plaintiffs claim. (See Mot. for Preliminary Approval at 9.)  Moreover, defendant further contends that its employment policies and practices were optional and not required, and that employees did not miss breaks or earn compensation for which they were not paid.  (Id.) Accordingly, the court finds the proposed settlement is a fair resolution of the issues in this case, reflects the strength of the claims and defenses asserted, and will prevent potential uncertainty.  This factor therefore weighs in favor of settlement.

2.   Risk, Expense, Complexity, and Further Litigation

The parties have engaged in extensive formal disclosures and written discovery in this case.  (Mot. for Final Approval at 8.)  Specifically, the defendant produced important information about the class and claims, thousands of pages of documents, and voluminous electronic data, including the time and payroll records for all members of the putative class.  (Id.) Absent settlement, the parties most likely would have had to pursue further discovery and summary judgment, which would cause additional expense and could substantially reduce, delay, or eliminate class members' recovery.  (Id.)  Accordingly, this factor also weighs in favor of settlement.

3.   Risk of Maintaining Class Action Status

The court granted plaintiff's motion for provisional certification of the class earlier this year.  (Order Granting Preliminary Approval at 17.)  The court is unaware of any

potential future development that could upset certification if the plaintiffs obtain final class certification. Accordingly, the court will not consider this factor in this analysis. See In re Veritas Software Corp. Sec. Litig., No.03-0282, 2005 WL 3096079, at *5 (N.D. Cal. Nov. 15, 2005)(favoring neither approval nor disapproval of settlement where the court was "unaware of any risk involved in maintaining class action status"), vacated in part on other grounds by In re Veritas Software Corp. Sec. Litig., 496 F.3d 962 (9th Cir. 2007).

### 4. Amount Offered in the Settlement

In assessing the amount offered in settlement, "[i]t is the complete package taken as a whole, rather than the individual component parts, that must be examined for overall fairness." See Officers for Justice, 688 F.2d at 628. "It is well-settled law that a cash settlement amounting to only a fraction of the potential recovery will not per se render the settlement inadequate or unfair." Id.

Here, the gross settlement fund is $1,100,000.00, with the entirety of the net settlement amount, after fees and costs, to be paid to the class, without reversion. (Alivandivafa Decl. ¶ 9(A).) This represents a recovery of approximately 50% of the claimed overtime lost, if calculated for the entire class period. (Id.) The total net settlement fund is estimated to be $688,715.05, following distribution of the gross amount as follows: (1) $366,666.66 for class counsel fees; (2) $11,441.29 for litigation costs; (3) $25,000 for plaintiff as an incentive award; and (4) $8,141.00 for Analytics' administration fees. (Id. at ¶ 9 (A)-(E).) The distribution of the net settlement

10

fund will occur on a pro rata basis, based on the ratio of the applicable workweeks worked by each class member during the class period to the total number of applicable workweeks worked by all class members during the class period. (Mot. for Preliminary Approval., Ex. B.) The average recovery per class member is estimated to be $8,830.14. (Alivandivafa Decl. ¶ 9(E).) In addition to the monetary award, class counsel's efforts resulted in defendant changing its pay and scheduling practices to ensure that minimum and overtime wages be paid. (Id. at ¶ 7.)

While this amount will undoubtedly "be less than what some class members feel they deserve but . . . more than the defendant feel[s] they are entitled to," the amount represents a reasonable compromise on plaintiff's wage and hour claims. See Officers for Justice, 688 F.2d at 615. Generally, "unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." DIRECTV, Inc., 221 F.R.D. at 526. This settlement avoids the potential to incur great litigation expenses for both sides and provides a not-insignificant benefit to class members. Considering the risks and expense of further litigation, the court finds the settlement amount to be fair and adequate.

        5.    Extent of Discovery Completed

The parties engaged in extensive discovery prior to settlement. (Alivandivafa Decl. at ¶ 14.) The defendant responded to interrogatories and gave important information about the class and claims, produced thousands of pages of documents, and voluminous electronic data, including the time and payroll records for all members of the putative class. (Id.) Further,

11

plaintiff's counsel was already significantly familiar with defendant's payroll practices based on plaintiff's documents and discussions with settlement class members and was able to use that knowledge as leverage. (Id.)  The parties also participated in a full day mediation under the supervision of Jeffrey A. Ross, a highly regarded mediator, in Oakland, California. (Id. at ¶ 3.)  Given the plaintiff's sophisticated representation and the parties' joint agreement that the settlement reached was the product of arms-length bargaining, the court finds the discovery conducted adequately informed the settlement negotiation.  (Id.); See Fraley v. Facebook, Inc., 966 F. Supp. 2d 939, 942 (N.D. Cal. 2013) (holding that a settlement reached after informed negotiations "is entitled to a degree of deference as the private consensual decision of the parties.")

### 6. The Experience and Views of Counsel

"When approving class action settlements, the court must give considerable weight to class counsel's opinions due to counsel's familiarity with the litigation and its previous experience with class action lawsuits." Murillo v. Pac. Gas & Elec. Co., Civ. No. 2:08-1974 WBS GGH, 2010 WL 2889728, at *8 (E.D. Cal. July 21, 2010).  Here, plaintiff has provided evidence that class counsel has substantial experience in prosecuting class actions, including employment actions and wage-and-hour matters.  (Alivandivafa Decl. at ¶ 20-25.)  Based on his experience, plaintiff's counsel believes the proposed settlement is fair, reasonable, and adequate to the class under the circumstances, as it reflects a reasoned compromise which takes into consideration the inherent risks in wage and hour class

litigation.  (Id. at ¶¶ 3, 13, 16.)  This factor supports approval of the settlement agreement.

       7.   Reaction of the Class Members to the Settlement

Not a single class member has objected to the settlement or opted out of the settlement.  (Alivandivafa Decl. at ¶ 9(F).)  "It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members."  DIRECTV, 221 F.R.D. at 529.  Accordingly, this factor weighs in favor of the court's approval of the settlement.

       9.   Conclusion

Having considered the foregoing factors, the court finds that the settlement is fair, adequate, and reasonable pursuant to Rule 23(e).  See Churchill Village, 361 F.3d at 575.

   C.   Attorneys' Fees

Federal Rule of Civil Procedure 23(h) provides, "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement."  Fed. R. Civ. P. 23(h).  If a negotiated class action settlement includes an award of attorneys' fees, that fee award must be evaluated in the overall context of the settlement.  Monterrubio v. Best Buy Stores, L.P., 291 F.R.D. 443, 455 (E.D. Cal. 2013) (England, J.).  The court "ha[s] an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount."  Bluetooth Headset, 654 F.3d at 941.

        "Under the 'common fund' doctrine, 'a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable [attorneys'] fee from the fund as a whole.'" Staton v. Boeing Co., 327 F.3d 938, 969 (9th Cir. 2003) (quoting Boeing Co. v. Van Gemert, 444 U.S. 472, 478 (1980)).  In general, courts use the percentage method to calculate attorney's fees in cases where a common fund is created.  Spann v. J.C. Penney Corp., 211 F.Supp. 3d 1244, 1262 (C.D. Cal. 2016) (citing Lafitte v. Robert Half Int'l Inc., 1 Cal. 5th 480, 489 (2016) (approving 27 percent share in $50,000,000 settlement)).  In evaluating whether a percentage fee award is reasonable, the court may consider factors such as the result obtained for the class, the risk undertaken by counsel, the complexity of the legal and factual issues, and awards in similar cases. results secured for the class, awards in similar cases, and the degree of risk assumed by counsel."  See Romero v. Producers Dairy Foods, Inc., No. 1:05-cv-494 DLB, 2007 WL 3492841, at *3 (E.D. Cal. Nov. 14, 2007).

        As part of the settlement, the parties agreed to an award of attorneys' fees of $366,666.66 which constitutes 33.33% of the gross settlement fund.  (Alivandivafa Decl. at ¶ 9(B).))  Counsel represents that this award constitutes a fair market charge for the benefits conferred on the class members.  (Id. ¶¶ 9(A);9(E).)  As a result of the settlement, on average, class members will recover approximately $8,830.14.  (Id. at ¶ 9(E).)  This is a substantial amount that will be available to class members without further delay.  Moreover, class counsel's efforts resulted in defendant changing its pay and scheduling practices

14

to ensure that minimum and overtime wages would be paid. (Id. at ¶ 7.)

Additionally, the attorneys' fees requested by counsel are in line with awards in similar cases. (Id. at ¶ 18.) A fees award amounting to "33 1/3 % of the total settlement value" is considered "acceptable." See, e.g., Bond v. Ferguson Enters., Inc., No. 1:09-cv-1662 OWW MJS, 2011 WL 2648879, at *9 (E.D. Cal. June 30, 2011) Furthermore, "a review of California cases . . . reveals that courts usually award attorneys' fees in the 30-40% range in wage and hour class actions that result in recovery of a common fun[d] under $10 million." Cicero v. DirecTV, Inc., Civ. No. 07-1182, 2010 WL 2991486, at *6 (C.D. Cal. July 27, 2010; see, e.g., Miller v. CEVA Logistics USA, Inc., No. 2:13-cv-01321-TLN, 2015 WL 4730176, at *8 (E.D. Cal. Aug. 10, 2015) (citing Vasquez v. Valley Coast Roofing, Inc., 266 F.R.D. 482, 491-92 (E.D. Cal. Mar. 9, 2010) (approving award of 33 percent.)

In light of the fees usually awarded in these types of cases, the risks counsel incurred by taking this case on a contingency basis, the time and effort spent litigating this case, and the reasonable result obtained for class members, the court finds the requested fees are reasonable. Accordingly, the court will approve counsel's motion for attorneys' fees.

   D.   Costs

"There is no doubt that an attorney who has created a common fund for the benefit of the class is entitled to reimbursement of reasonable litigation expenses from that fund." In re Heritage Bond Litig., Civ. No. 02-ML-1475 DT, 2005 WL 1594403, at *23 (C.D. Cal. June 10, 2005). Here, plaintiff's

15

counsel seeks to recover their litigation expenses and costs in the amount of $11,441.29.  (Alivandivafa Decl. at ¶ 9(B).)  These expenses include the fees paid for court fees, fees related to the calculation of potential damages, mediation fees, and travel and lodging expenses, among others.  (See Mot. for Final Approval, Ex. A.)  The court finds these to be reasonable litigation expenses.  Therefore, the court will grant class counsel's request for costs in the amount of $11,441.29.

       E.    Representative Service Award

"Incentive awards are fairly typical in class action cases."  Rodriguez, 563 F.3d at 958.  "[They] are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general."  Id. at 958-59.  In assessing the reasonableness of incentive payments, the court should consider "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions" and "the amount of time and effort the plaintiff expended in pursuing the litigation."  Staton, 327 F.3d at 977 (citation omitted).  The court must balance "the number of named plaintiffs receiving incentive payments, the proportion of the payments relative to the settlement amount, and the size of each payment."  Id.

The single named plaintiff, Edward Watson, seeks an incentive payment of $25,000 for his time and effort in representing the class.  (Alivandivafa Decl. at ¶ 9(D).)  This service award is less than three times the average award to

16

individual class members, which is low relative to similar settlements. (Id.)  The court has already found that "the class representative payment of $25,000.00 . . . [was] appropriate given the efforts and work by the attorneys."  (Order Granting Preliminary Approval at 15.)  Moreover, plaintiff provided vital information to support the claims asserted and spent significant time discussing the matter with putative class members who later agreed to provide declarations in support of the putative class claims.  (Decl. of Azad Marvazy in Support of Plaintiff's Mot. for Final Settlement Approval at ¶ 7 ("Marvazy Decl. in Supp. of Final Approval").)  Considering plaintiff's efforts and risks incurred in bringing this action, the court finds his requested incentive award to be reasonable and will approve the award.

II.  Conclusion

Based on the foregoing, the court will grant final certification of the settlement class and will approve the settlement set forth in the settlement agreement as fair, reasonable, and adequate.  The settlement agreement shall be binding upon all participating class members who did not exclude themselves.

IT IS THEREFORE ORDERED that plaintiff's unopposed motion for final approval of class action settlement and attorneys' fees, costs, and incentive award (Docket No. 29) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED THAT:

(1) Solely for the purpose of this settlement, and pursuant to Federal Rule of Civil Procedure 23, the court hereby certifies the following class: all current or former employees of

17

Tennant Company employed as non-exempt Service Technicians (including those who performed the same duties as Service Technicians but with a different job title) in the State of California and who were not covered by a valid collective bargaining agreement at any time from August 7, 2014 through March 19, 2020.

(2) The court appoints the named plaintiff Edward Watson as class representative and finds that he meets the requirements of Rule 23;

(3) The court appoints Alireza Alivandivafa, Esq., and Azad M. Marvazy of Light Law Group APC, as class counsel and finds that they meet the requirements of Rule 23;

(4) The settlement agreement's plan for class notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Rule 23.  The plan is approved and adopted. The notice to the class complies with Rule 23(c)(2) and Rule 23(e) and is approved and adopted;

(5) The court finds that the parties and their counsel took appropriate efforts to locate and inform all class members of the settlement;

(6) As of the date of the entry of this order, plaintiff and all class members who have not timely opted out of this settlement herby do and shall be deemed to have fully, finally, and forever released, settled, compromised, relinquished, and discharged defendant of and from any and all settled claims, pursuant to the release provisions stated in the parties' settlement agreement;

(7) Plaintiff's counsel is entitled to fees in the

1  amount of $366,666.66, and litigation costs in the amount of
2  $11,441.29;
3          (8) Analytics Consulting is entitled to administration
4  costs in the amount of $8,141.00;
5          (9) Named plaintiff and class representative Edward
6  Watson is entitled to a service award in the amount of $25,000;
7          (10) The remaining settlement funds shall be paid to
8  participating class members in accordance with the terms of the
9  settlement agreement; and
10         (11) This action is dismissed with prejudice.
11         The Clerk of Court is instructed to enter judgment
12 accordingly.
13 Dated:  September 10, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE